WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald F. Ross,<br><br>                Plaintiff,<br><br>v.<br><br>John Woolf and ProActive Physical Therapy, LLC,<br><br>                Defendants. | No. CV-18-0307-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court is Defendants John Woolf and ProActive Physical Therapy, LLC's ("ProActive") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 15). Plaintiff filed his Opposition to Defendants [sic] Motion to Dismiss ("Response") (Doc. 17), and Defendants subsequently replied (Doc. 18). The motion is fully briefed and ripe for adjudication.

In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.

**I.    FACTUAL BACKGROUND**

Plaintiff worked for Tucson Physical Therapy for "over a year" prior to its merger with another company. Amended Compl. (Doc. 8) at ¶ 3. Plaintiff alleges that Tucson Physical Therapy merged with ProActive. *Id.* Plaintiff then worked for the new

company for one (1) year. *Id.* Plaintiff was laid off in January 2017. *Id.* Plaintiff alleges he was "offered 2 positions and a marketing job but was passed [up] . . . [and] each time younger people were hired in [his] place." *Id.* Plaintiff was forty-eight (48) years old at the time. Amended Compl. (Doc. 8) at ¶ 3.

Plaintiff alleges that "John Woolf and ProActive Physical Therapy violated U.S. Code 621 Age Discrimination[.]" *Id.* Defendants seek dismissal of the Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.,* 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

"When ruling on a motion to dismiss, [the Court must] accept all factual

allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "The court draws all reasonable inferences in favor of the plaintiff." *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)). This Court is not required, however, to accept conclusory statements as a factual basis. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss.").

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d. 668, 688 (9th Cir. 2001) (quotations and citations omitted). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. *Id.* "First, a court may consider material which is properly submitted as part of the complaint[.]" *Id.* Second, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Id.* at 689 (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)); *see also* Fed. R. Evid. 201. Additionally, the Ninth Circuit Court of Appeals has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

. . .

. . .

## III. ANALYSIS

Defendant seeks dismissal of Plaintiffs' Complaint without leave to amend because 1) Plaintiff has failed to state a claim against Defendant John Woolf as he was not Plaintiff's employer; and 2) Plaintiff failed to demonstrate that ProActive was his employer. *See* Defs.' Mot. to Dismiss (Doc. 15).

### A. *Defendant John Woolf*

Defendants assert that Plaintiff's Amended Complaint (Doc. 8) does not contain any facts to support an age discrimination claim against Mr. Woolf individually. Def.'s Mot. to Dismiss (Doc. 15) at 4–5. Plaintiff argues that Mr. Woolf was the founder of ProActive and holds himself out as the Managing Partner. Pl.'s Response (Doc. 17) at 3.

The Age Discrimination in Employment Act ("ADEA") makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual [who is at least 40 years old] . . . because of such individual's age." 29 U.S.C. § 623(a)(1); *see also* 29 U.S.C. § 631(a). The Ninth Circuit Court of Appeals has squarely addressed the issue of individual liability under the ADEA. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). The Ninth Circuit opined that "[t]he liability schemes under Title VII and the ADEA are essentially the same in aspects relevant to this issue; they both limit civil liability to the employer." *Id.* (citing 42 U.S.C. § 2000e-5(g) (1988) (Title VII); then citing 29 U.S.C. § 626(b) (1988) (ADEA)). The *Miller* court further observed that "[b]ecause Congress assessed civil liability only against an employer under Title VII, this court has held that 'individual defendants cannot be held liable for back pay.'" *Miller*, 991 F.2d at 587 (quoting *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982)). The appellate court concluded that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." *Miller*, 991 F.2d at 587. The Ninth Circuit then held that its "ruling in *Padway* that individual defendants cannot be held liable for damages under Title VII is good law, and because of the similarities in the Title VII and ADEA statutory schemes, is applicable to suits under the ADEA." *Id.* at 587–88.

Here, Plaintiff has named Mr. Woolf a defendant simply because he is allegedly the founder or managing partner of ProActive. Pl.'s Response (Doc. 17) at 3. Neither Plaintiff's Amended Complaint (Doc. 8) nor his Response (Doc. 17) contain any facts to suggest that Mr. Woolf acted in a discriminatory manner. Moreover, the ADEA limits civil liability to Plaintiff's employer and individual defendants cannot be liable for damages. *Miller*, 991 F.2d at 587–88. Accordingly, Plaintiff has failed to state a claim against Mr. Woolf and no amendment could cure this shortcoming. Therefore, any claims against Mr. Woolf will be dismissed.

### B. Plaintiff's Employer

Defendant ProActive asserts that it was not Plaintiff's employer at the time of the alleged discrimination. Defs.' Mot. to Dismiss (Doc. 15) at 5–6. In his Amended Complaint (Doc. 8), Plaintiff alleged that he was employed by Tucson Physical Therapy which merged with ProActive, and he subsequently worked for ProActive for a year. Amended Compl. (Doc. 8) at ¶ 3. Defendants submitted an offer letter that was sent to Plaintiff, which reflects the merger of Tucson Physical Therapy and extends to Plaintiff an offer of employment by OrthomEd, LLC. Defs.' Mot. to Dismiss (Doc. 8), Woolf Ltr. to Ross 12/21/2015 (Exh. "A"). On December 22, 2015, Plaintiff signed his acceptance of the terms contained therein. *Id.* at 2. In response, Plaintiff submitted bank statements purporting to show that he was paid by ProActive.[1] Response (Doc. 17), Chase Checking Summ. (Exh. "A").

It is undisputed that Plaintiff's post-merger employment agreement was with OrthomEd, LLC. Furthermore, Plaintiff's bank statements do not negate this agreement.[2] Plaintiff has provided the Court with very few facts and those he has presented are vague

---

[1] Defendants object to this submission, arguing a lack of foundation and that nothing establishes Plaintiff was paid by ProActive Physical Therapy. Defs.' Reply (Doc. 18) at 2. Plaintiff does indicate that the attached bank statements belong to him. Response (Doc. 17) at 3.

[2] The statements also show direct deposits by "Tucson Physical" and the merger appears to have been combining Tucson Physical Therapy with ProActive Physical Therapy into the new entity OrthomEd, LLC. *See* Response (Doc. 17), Exh. "A"; Pl.'s Mot. to Dismiss (Doc. 15), Exh. "A."

- 5 -

and conclusory, which this Court is not required to accept. *See Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986). Plaintiff has not demonstrated that ProActive was his employer for purposes of an ADEA claim.

### *C. Amendment*

"[T]he general rule [is] that Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990) (citing 2 A. Larson, *Employment Discrimination*, § 49.11(c)(2) (1990)). The Ninth Circuit Court of Appeals has recognized a limited number of circumstances in which a Plaintiff may sue a party not included in the EEOC complaint, including: (1) the party was "involved in the acts" which gave rise to the claim; (2) the party "should have anticipated" that it would be named in the complaint; (3) the respondent named in the EEOC complaint is "substantially identical" to the unnamed party; or (4) the unnamed party had notice of and participated in the EEOC conciliation efforts. *Sosa*, 920 F.2d at 1459.

Plaintiff was given an opportunity to amend his original Complaint (Doc. 1) and respond to Defendants' motion to dismiss. Plaintiff has not offered any explanation as to why he did not name his actual employer, OrthomEd, LLC, in his EEOC complaint, nor has he offered any facts to suggest that this omission should be excused. As such, the Court finds that further amendment of Plaintiff's complaint would be futile.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## VI. CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that:

1) Defendants' Motion to Dismiss (Doc. 15) is GRANTED;

2) Plaintiff's Amended Complaint (Doc. 8) is DISMISSED WITH PREJUDICE; and

3) The Clerk of the Court shall close its file in this matter.

Dated this 30th day of August, 2019.

*Honorable Bruce G. Macdonald*
*United States Magistrate Judge*